IN THE MATTER OF CORNELIUS W. CARUSO, SR., AN ATTORNEY AT LAW.

Argued February 18, 1975—Decided March 19, 1975.

*Mr. Frederick C. Vonhof* argued the cause for the Essex County Ethics Committee.

*Mr. William O. Barnes* argued the cause for respondent.

PER CURIAM. This disciplinary proceeding against respondent, a member of the bar of this State, was brought following respondent's conviction of having obtained money by false pretenses, and having solicited another to commit a crime. His conviction was affirmed on appeal. Certification was denied by this Court. 67 *N. J.* 82 (1975).

The conviction was bottomed on respondent's representations to a client that the expeditious way to handle a zoning problem arising out of the client's conducting an auto repair business on certain property on High Street in the City of Orange, was to bribe the building inspector. The sum of $1,000 was delivered to respondent ostensibly for this purpose.

Respondent told the client, who had recently moved his auto repair shop to the High Street location, that the $1,000 would be paid to the building inspector to get him to approve the auto repair business at that location as a preexisting use. The other alternative, according to respondent, was to apply to the board of adjustment for a variance and "then we have to go through the whole rigamarole which is a dangerous thing because then you got, you're dealing with three or four * * *." Respondent pointed out that a variance application ran the risk of being "turned down flat" and "you got no recourse."

The building inspector did approve the client's business operation as a preexisting use and a certificate of occupancy was issued on that basis. However, there was no evidence that any money actually was paid to the building inspector and the inference is that respondent pocketed the $1,000 in addition to the $400 fee he had charged the client.

We have reviewed the record of respondent's criminal trial, including the tape recordings of several conversations respondent had with the client and the client's landlord. We have also reviewed the transcript of the hearing before the Essex County Ethics Committee. Suffice it to note that the evidence of respondent's guilt is overwhelming. The sole issue is one of appropriate discipline.

Viewed in its best light, respondent improperly sought to obtain an additional $1,000 for himself by falsely representing that the money was to be used to bribe a public official. Even though there is no evidence that respondent actually bribed anyone, his representation to the client that paying off the building inspector was the expeditious way to resolve the client's zoning problem, demeans the legal profession and brings it into disrepute. See DR1–102(A)(4); DR 7–102(A)(7); DR 9–101(C). We are aware that this is the first ethics complaint against respondent in his 20 years as a member of the bar. His reputation among his fellow attorneys for honesty and integrity was vouched for at the ethics committee hearing. Nevertheless, his conduct cannot be excused or condoned. Respondent is hereby suspended from the practice of law for a period of three years and until the further order of this Court.

*For suspension for three years*—Justices MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge CONFORD—5.

*Opposed*—None.

## ORDER

It is ordered that Cornelius W. Caruso, Sr. of East Orange be suspended from the practice of law for three years and until further order of the Court, effective April 2, 1975; and it is further

Ordered that Cornelius W. Caruso, Sr. be and hereby is restrained and enjoined from practicing law during the period of his suspension.