No. 75–487. UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY v. ABRAMS. C. A. 3d Cir. Certiorari denied. MR. JUSTICE BRENNAN and MR. JUSTICE REHNQUIST took no part in the consideration or decision of this petition.

MR. CHIEF JUSTICE BURGER, with whom MR. JUSTICE POWELL joins, dissenting.

The Court of Appeals has advanced the novel doctrine that when a federal court acts on a record made in state disciplinary proceedings the federal court's power to discipline a member of its bar is circumscribed by the scope of the penalty imposed by the state courts. It has always seemed clear to me that the federal courts have plenary power over the admission, disbarment, or discipline of attorneys who practice before them. See Cheatham, The Reach of Federal Action Over the Profession of Law, 18 Stan. L. Rev. 1288, 1291–1292 (1966). The federal courts are not bound by the standards of professional conduct prescribed or enforced by the States any more than States are bound by federal action. A federal court may well determine that conduct found tolerable by another jurisdiction merits disbarment in federal court, as our actions disciplining members of this Court's Bar implicitly demonstrate. See, e. g., In re Disbarment of Osborne, 420 U. S. 918 (1975); In re Disbarment of Buttles, 419 U. S. 1101 (1975); In re Disbarment of Mades, 414 U. S. 1154 (1974). A federal court must apply state law in diversity cases, but there is not the slightest reason to do so in judging the conduct of members of its own bar.

I do not share the view that this is a subject not warranting the time for full briefing and argument here. Granting that the burdens of our calendar do not permit full review of all we might desire, the issue here seems so

clear that we could appropriately grant the writ and reverse the judgment summarily.