In the Matter of Cornelius W. CARUSO,
an attorney-at-law.

Misc. No. 75–42.

United States District Court,
D. New Jersey.

May 18, 1976.

William J. Brennan, III, Trenton, N. J., Federal Bar Association, New Jersey Chapter.

William O. Barnes, Jr., Newark, N. J., for respondent.

## OPINION

### PER CURIAM

Cornelius W. Caruso, a member of the Bar of this Court, was named in a four-count indictment returned in Essex County Court. The indictment alleged obtaining money by false pretenses, attempting to obtain money by false pretenses, solicitation to commit bribery and giving or accepting bribes in connection with government work or service. The bribery count was dismissed at the end of the State's case, and the Court directed the jury to merge the two false pretenses counts. After a jury trial, Caruso was found guilty of obtaining money under false pretenses and of soliciting another to commit the crime of bribery. Respondent was sentenced on the first count of a 12-month suspended sentence and a fine of $1,000, and was further ordered to repay the $1,000 proceeds of the fraudulent scheme to the Essex County Prosecutor's Office. On the solicitation conviction, respondent was given a concurrent 12-month suspended sentence and fined an additional $1,000. The Appellate Division affirmed. *State v. Caruso,* No. A–1865–73, October 29, 1974. The Supreme Court denied certification, 67 N.J. 82, 335 A.2d 35 (1975).

The case adduced by the State was that respondent falsely advised his client that $1,000 was required to bribe a building inspector in the City of Orange for the approval of the client's auto repair business as a pre-existing use under the zoning ordinances of that city. The client paid respondent the money but the proposed "bribe" was never paid to the inspector. Respondent kept the money for his own.

After a presentment by the Essex County Ethics Committee, the Supreme Court of New Jersey suspended respondent from the practice of law for a period of three years, or until further order of the Court. An Order to Show Cause then issued from this Court to Caruso, as respondent, directing him to show cause why he should not be disciplined by this Court pursuant to Rule 7 of its Local Rules.

By order of February 11, 1976, this Court referred this matter to the Ethics Committee of the Federal Bar Association for investigation and recommendation, particularly with regard to the issues of the conclusive effect of respondent's conviction as evidence of his guilt, and of this Court's authority to impose a different sanction from that imposed by the Supreme Court of

New Jersey, within the meaning of *In the Matter of Arthur L. Abrams, Attorney-at-Law,* 385 F.Supp. 1210 (D.N.J.1974), *rev'd* 521 F.2d 1094 (3rd Cir. 1975), *cert. denied,* 423 U.S. 1038, 96 S.Ct. 574, 46 L.Ed.2d 413 (1975).

At a hearing held before a three-judge panel of this Court on March 29, 1976, counsel for respondent conceded that the conviction is conclusive evidence of respondent's guilt for the purposes of this proceeding. Both the Federal Bar Association and the respondent agree that we are not bound by any disciplinary action previously taken by any other court.

The Court has carefully considered this matter. Respondent has been convicted of grave misuse of his license to practice law which constituted the commission of an offense involving moral turpitude. His victim was not only his client, but the good name of public officials and the public service as well.

The issue is a narrow one. No further evidentiary hearing is required and none has been requested. Respondent concedes that the record before us is complete, and states that he seeks no further evidentiary hearing or argument. While he urges us to follow the sanction imposed by the Supreme Court, he explicitly recognizes our authority to impose either a lesser or a greater penalty if we believe his proven and admitted conduct so requires.

It is the duty of this Court, and every Court, separately to consider and to evaluate each disciplinary matter which comes before it. We do not foresee that this obligation will often cause us to disagree with other courts administering the discipline of other bars. When we do disagree, however, then, with deference and respect to the wisdom and judgment of others, we must follow our own.

This is such a case. Respondent's conduct demonstrates that he is unworthy to be a member of the bar of this Court. His name

will be stricken from the rolls of attorneys eligible to practice law in this Court.

OPINION

COHEN, Senior District Judge, with whom BARLOW, Judge FISHER and BROTMAN, JJ., join (dissenting):

The case presents the question considered *In the Matter of Arthur L. Abrams, Attorney-at-Law,* 385 F.Supp. 1210 (D.N.J.1974) *rev'd* 521 F.2d 1094 (3rd Cir.) *cert. denied,* 423 U.S. 1038, 96 S.Ct. 574, 46 L.Ed.2d 413 (1975) namely: Under what circumstances is it appropriate for a federal district court to impose a harsher sanction in an attorney disciplinary matter than was imposed by a State Supreme Court?[1] The decision of the majority to disbar respondent creates the exact anomaly foreshadowed by the District Court dissenting opinion in *Abrams* as well as the concurring opinion of Judge Rosenn in the Circuit Court. In three years respondent will be eligible to practice in the state courts, but not in this court. This result is not only undesirable and contrary to the much to be desired interest of comity, but it erodes public confidence in our judicial system. As was pointed out by Judge Rosenn (in his concurring opinion) in *Abrams, supra* at 1105–1106:

> The imposition of disbarment by the federal court when the state has imposed only suspension implicitly attacks the regularity and judgmental values of the state proceedings, implying that the sanction chosen by the state courts is inappropriate. This result is bound to create tensions between the state and federal judiciaries.

A second important policy behind the need to avoid disparate sanctions by the federal and state courts is the maintenance of public confidence in our legal system and in the bar. Disbarment is designed to protect the public. *In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). The district court's action permits Abrams to practice

---

[1]. The power of this court to impose a sanction other than the one imposed by the state courts has never been questioned. *Matter of Abrams,*

521 F.2d at 1099, 385 F.Supp. at 1212–13 (Cohen and Fisher, JJ., dissenting).

in the state, but not the federal system. Such an anomaly can only lead to confusion in the minds of the public, which justifiably may speculate why an attorney not qualified to practice in a federal court has sufficient moral character to practice in the state court. Unless an exceptional reason of record justified such disparate treatment, its effect will, in my opinion, render a grave disservice to the public.

Furthermore, the opinion of the New Jersey Supreme Court in this case is not even discussed by the majority. There is no dispute that respondent's conduct was offensive to the canons of ethics, and reflected adversely upon the legal profession. The New Jersey Supreme Court, however, found there to be mitigating factors which warranted suspension, rather than disbarment. In imposing its sanction the state Supreme Court pointed out:

> "We are aware that this is the first ethics complaint against respondent in his 20 years as a member of the bar. His reputation among fellow attorneys for honesty and integrity was vouched for at the ethics committee hearing. Nevertheless, his conduct cannot be excused or condoned." *In the Matter of Cornelius W. Caruso, Sr., An Attorney-at-Law,* 67 N.J. 44, 46, 335 A.2d 10, 11 (1975).

In short, we believe that the majority has failed to demonstrate why this case requires this court to impose the harsher sanction of disbarment. See *Selling v. Radford,* 243 U.S. 46, 51, 37 S.Ct. 377, 379, 61 L.Ed. 585, 587 (1917).

For the above reasons we would direct, as did the State Supreme Court, that Cornelius W. Caruso be suspended from the practice of law for three years and until the further order of this Court.