In the Matter of Julian J. ROBERTS
Attorney-at-Law.

Appeal of Julian J. ROBERTS.

No. 81–2834.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
Rule 12(6) June 17, 1982.

Decided June 30, 1982.
Rehearing and Rehearing In Banc
Denied Sept. 3, 1982.

Julian J. Roberts, appellant pro se.

Donald A. Robinson, designated atty., U. S. Dist. Court, D. N. J., Robinson, Wayne, Greenberg, Levin, Riccio & LaSala, Newark, N. J., for appellee; John B. Livelli, Newark, N. J., on brief.

Before ALDISERT, HUNTER, and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The question for decision in this appeal by an attorney denied admission to the bar of the United States District Court for the District of New Jersey is whether the district court's limitation of bar membership to members of the New Jersey bar violates the fifth amendment or federal statute.[1] Find-

---

1. Local Rule 4 provides:

 B. Any attorney licensed to practice by the Supreme Court of New Jersey may be admitted as an attorney at law on motion of a member of the bar of this court, made in open court, and upon taking the prescribed oath and signing the roll.

 . . . .

 E. Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not eligible for admission to the bar of this court under subdivision B of this rule, may be admitted, subject to the limitations hereinafter set forth, as an attorney at law on motion of a member of the bar of this court of at least five years' standing, and upon taking the prescribed oath, and signing the roll, provided such applicant files with the court an application for admission as an attorney of this court and establishes therein to the satisfaction of the court the following:

 (1) Membership in good standing of the bar of any United States Court or the highest court of any state for at least five years;

 (2) Has been admitted to practice as an attorney before the United States Patent Office and listed on its Register of attorneys;

 (3) Is domiciled in the State of New Jersey;

 (4) Has been continually engaged in the practice of patent law as a principal occupation in an established place of business and office located in the State of New Jersey for at least two years prior to date of application;

 (5) Proof to the satisfaction of the Court of sufficient qualifications both as to prelegal and legal training;

 (6) No member admitted under subdivision E of this rule shall designate himself other than as a patent attorney or patent lawyer, and his admission to practice before this court shall be limited to cases solely arising under patent laws of the United States;

 . . . .

 F. Attorneys admitted to practice in any United States District Court may practice before this court in any proceedings in which they are representing the United States or any of its officers or agencies. If any such attorney is not a resident of this district he shall designate the United States Attorney, or

ing no constitutional or statutory violation, we affirm the order of the district court.

## I.

Appellant, Julian J. Roberts, applied for admission to practice before the District Court for the District of New Jersey. He also submitted an affidavit stating that he had been admitted to the New York State bar, the United States Tax Court, and the United States District Courts for the Eastern and Southern Districts of New York, and that he has not been disbarred or suspended from practice in any court. He also indicated that he received an LL.B. degree from "an approved law school" in 1938, received an LL.M. degree in taxation from Rutgers University School of Law in 1950, and has taught law at a New Jersey college. Roberts indicated that he desired to specialize in federal tax practice and offered to limit his practice before the court to federal tax cases.

Roberts requested the court to "change or ignore" its New Jersey bar requirement, maintaining that his qualifications "substantially exceed the restricted qualifications" contained in Rule 4 B. He argued that the court's application of the rule to him would be unconstitutional and that the exemption from state bar membership for patent attorneys (Rule 4 E) and attorneys representing the United States (Rule 4 F) should be also allowed attorneys wishing to specialize in federal taxation or any branch of federal law. The district court denied Roberts' application.

## II.

■■■ Roberts claims that he has a constitutional right to be admitted to the bar of the district court because the record below is barren of evidence that would tend to show that he is morally or professionally unfit to practice law. Insofar as Rule 4 B stands in the way of his admission, Roberts claims that it violates the Due Process Clause of the United States Constitution.[2]

■■■ To invoke the protections of the fifth amendment, a litigant must first establish that the individual interest asserted is encompassed within its terms. *Olegario v. United States*, 629 F.2d 204, 223 (2d Cir. 1980). *See Board of Regents v. Roth*, 408 U.S. 564, 570, 571, 92 S.Ct. 2701, 2705, 2706, 33 L.Ed.2d 548 (1972); *Attwell v. Nichols*, 608 F.2d 228, 230 (5th Cir. 1979), *cert. denied*, 446 U.S. 955, 100 S.Ct. 2924, 64 L.Ed.2d 813 (1980). The amendment protects property interests created and defined by independent sources such as statutes, legal rules, or mutually explicit understandings, but it does not create property interests of its own force. *See Leis v. Flynt*, 439 U.S. 438, 441, 442, 99 S.Ct. 698, 700, 701, 58 L.Ed.2d 717 (1979); *Board of Regents v. Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. Roberts does not cite any rule or statute, nor does he refer to any mutually explicit understanding, that would support his claim of denial of a property right to practice law in the district court. Nor can we conclude that application of Rule 4 deprives appellant of a liberty interest protected by the fifth amendment. *See Board of Regents v. Roth*, 408 U.S. at 575, 92 S.Ct. at 2708; *Attwell v. Nichols*, 608 F.2d at 230.

Appellant next contends that Rule 4 B as applied to him violates his right to equal protection of the laws. Roberts notes that Rules 4 E and 4 F permit admission of attorneys who are not members of the New Jersey bar who limit their practice to cases arising solely under the patent laws of the

---

one of his assistants, for the purpose of receiving service of all notices or papers in said action. Service upon the United States Attorney, or an assistant, shall constitute service upon such non-resident Government Attorney.

2. The decision of whether to admit an attorney to practice before a federal district court is a matter of federal law and thus appellant's reliance on the fourteenth amendment is mis-

placed. *See United States v. Miller*, 624 F.2d 1198, 1200 (3d Cir. 1980); *Matter of Abrams*, 521 F.2d 1094, 1101 (3d Cir.) (in banc), *cert. denied*, 423 U.S. 1038, 96 S.Ct. 574, 46 L.Ed.2d 413 (1975). We will not consider appellant's first amendment claim because it was raised for the first time on this appeal and is unsupported by an allegation of facts. *See Neal v. Secretary of Navy*, 639 F.2d 1029, 1035 (3d Cir. 1981).

United States; and attorneys who represent the United States. He argues that these exemptions from the state bar requirement must be extended to any attorney admitted to another federal district court who limits his practice to a specialized branch of federal law.

 Although the fifth amendment contains no equal protection clause, the Due Process Clause forbids discrimination in a similar manner as the fourteenth amendment, and analysis of equal protection claims is often the same under both. *See Hampton v. Mow Sun Wong*, 426 U.S. 88, 100, 96 S.Ct. 1895, 1903, 48 L.Ed.2d 495 (1975); *Buckley v. Valeo*, 424 U.S. 1, 93, 96 S.Ct. 612, 670, 46 L.Ed.2d 659 (1975); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2, 95 S.Ct. 1225, 1228 n.2, 43 L.Ed.2d 514 (1975). In the context of the attorney admission qualifications in this case, since no impairment of a fundamental right[3] or classification based on a suspect criterion is involved, any requirement for admission will be upheld that is rationally related to the applicant's fitness to practice law in the court where he seeks admission. *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957); *Murphy v. State Bd. of Law Exam. for Com. of Pa.*, 429 F.Supp. 16, 18 (E.D.Pa. 1977); *Ricci v. State Bd. of Law Examiners*, 427 F.Supp. at 618; *Potter v. New Jersey Supreme Court*, 403 F.Supp. 1036, 1037 (D.N.J.1975), *summ. aff'd*, 546 F.2d 418 (3d Cir. 1976).

 Roberts contends there is no rational relationship between membership in the New Jersey bar and fitness to practice federal tax law in the district court. We do not agree. Because there is no *federal* procedure in the district court for determining an applicant's fitness to practice law before it, the court may properly rely on prior admission to the bar of the supreme court of the state in which the district court sits.

Counsel appointed to represent the district court points out also that tying district court admission to state bar membership tends to protect the interests of the public. For example, when a choice of either a federal or a state forum is available in a particular case an attorney admitted only to the federal court may choose that forum solely for that reason, possibly disregarding the interests of his client. Moreover, issues of state law are often dispositive in federal tax cases, further supporting the application of the state bar requirement to lawyers specializing in federal taxation.

 We believe that the exemptions extended to certain patent lawyers and lawyers representing the United States and its agencies, but withheld from federal tax practitioners, are based on reasonable distinctions related to the court's interest in ensuring the competence of counsel appearing before it. Attorneys admitted to practice before the patent office must pass a uniform, national examination. This procedure serves as an adequate substitute for state examination for determining fitness to practice in this limited area of federal law. There is no similar uniform screening procedure for federal taxation specialists and New Jersey is among the many states that recognizes patent law but not federal tax law as an area of specialization. In the case of counsel representing the United States, the court's interest in ensuring competence of lawyers appearing before it is satisfied by its reliance on the government to exercise care in the selection and supervision of its lawyers. Rule 4 F reasonably accommodates the government's interest in representation without arbitrarily discriminating against attorneys engaged in private practice.

### III.

 Appellant's final contention is that district court Rule 4 is inconsistent

---

**3.** The United States Constitution does not create a right to practice law. *Ricci v. State Board of Law Examiners*, 427 F.Supp. 611, 617 (E.D.Pa.1977), *vacated on other grounds*, 569 F.2d 782 (3d Cir. 1978); *see Williamson v. Lee Optical Co.*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955); *Kotch v. Board of River Port Pilot Commissioners*, 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093 (1947).

with United States Supreme Court Rule 5,[4] thus violating 28 U.S.C. § 2071 and Fed.R. Civ.P. 83.[5] This contention is also without merit. Supreme Court Rule 5 does not govern the admission of attorneys before federal district courts, nor does district court Rule 4 interfere with admission to practice before the Supreme Court. Furthermore, appellant does not refer us to, nor does our independent research disclose, any Federal Rule of Civil Procedure that prescribes criteria for the admission of attorneys in the federal district courts, or which is in any way inconsistent with Rule 4.

Section 2071 and Fed.R.Civ.P. 83, the sources of district court rule making power, *Rodgers v. United States Steel Corporation,* 508 F.2d 152, 163 (3d Cir. 1975), *cert. denied,* 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975), authorize federal courts to set criteria for admission of attorneys. *Matter of Abrams,* 521 F.2d 1094, 1099 (3d Cir.) (in banc), *cert. denied,* 423 U.S. 1038, 96 S.Ct. 574, 46 L.Ed.2d 413 (1975). This rulemaking power may be exercised independently and separately from admission rules in other federal courts. *See id.,* at 1101; *Application of Wasserman,* 240 F.2d 213, 214 (9th Cir. 1956). The district court's admission criteria differing from those for admission to the United States Supreme Court, therefore, are neither inconsistent with nor violative of 28 U.S.C. § 2071 or Fed.R.Civ.P. 83.

### IV.

For the foregoing reasons, the order of the district court will be affirmed.

**4.** Rule 5 provides:
1. It shall be requisite to the admission to practice in this Court that the applicant shall have been admitted to practice in the highest court of a State, Territory, District, Commonwealth, or Possession for the three years immediately preceding the date of application, and that the applicant appears to the Court to be of good moral and professional character.

**5.** 28 U.S.C. § 2071 provides:
The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with

Acts of Congress and rules of practice and procedure prescribed by the Supreme Court. Rule 83 provides:
Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by the rule, the district courts may regulate their practice in any manner not inconsistent with these rules.