**Carlos Morales FELICIANO, et al., Plaintiffs,**

v.

**Carlos Romero BARCELO, et al., Defendants.**

Civ. No. 79–4(PG).

United States District Court, D. Puerto Rico.

March 20, 1985.

See also, 497 F.Supp. 14.

Ivonne Díaz de Carreras, San Juan, P.R., Nora Rodríguez, Rio Piedras, P.R., Harvey Nachman, Santurce, P.R., for plaintiffs.

Marcos Ramírez Lavandero, Hato Rey, P.R., for defendants.

## ORDER

PEREZ–GIMENEZ, Chief Judge.

On February 28, 1985, this Court entered an order requiring the Clerk to return all pleadings and papers submitted for filing bearing the name of Héctor Rivera Cruz, as attorney, since Mr. Rivera Cruz is not admitted to practice law before this Court. On March 1, 1985, the above-named defendants moved this Court for relief from this order or to stay the enforcement of it, pending a petition for mandamus to the Court of Appeals.

Having carefully reviewed the unique circumstances of this situation and the competing interests involved, the Court finds that less restrictive measures may be taken to retain the integrity of this Court without unduly prejudicing the interests of the parties Mr. Rivera Cruz represents as Secretary of Justice for the Commonwealth of Puerto Rico.

The defendants, while admitting that their attorney, Secretary Rivera Cruz, is not a member of the bar of this Court, assert that his name is included in pleadings and motions, and other papers, "as a matter of proper form" (defendants' motion, p. 2). They argue that although the Secretary is charged by Commonwealth law with the representation of the interests of the Commonwealth of Puerto Rico,[1] his name is included only "as a matter of protocol and symbolism, since as a matter of historical fact, [he] never engages in the

---

1. See 3 L.P.R.A. § 72, incorrectly cited by defendants in their motion as 2 L.P.R.A. § 72.

active practice of law before courts of justice." (Defendants' motion, p. 2)

While it may be a matter of historical fact that the Secretary of Justice never engages in the active practice of law before courts of justice, (the Court at this time is not willing to rule on the validity of this assertion) intensive research by this Court has failed to reveal a case from another jurisdiction in which a state attorney general or justice secretary was not properly admitted to the U.S. District Court sitting in that jurisdiction. The lack of precedent in this matter is not surprising, however, since it is almost inconceivable that an attorney would attain such an important appointed position in state or commonwealth government without having been admitted at some point to the practice of law in the respective U.S. District Court.

A U.S. District Court has the inherent power to admit qualified attorneys to practice before it. Furthermore, the U.S. Congress has given the District Courts specific rulemaking power to set criteria for the admission of attorneys. 28 U.S.C. 2071, F.R.Civ.P. 83. This rulemaking power may be exercised independently and separately from admission rules in other federal courts. *In Re Matter of Roberts*, 682 F.2d 105 (3rd Cir.1982).

In this jurisdiction, until very recently an attorney duly licensed to practice law before the courts of the Commonwealth of Puerto Rico could be admitted to this Court on motion. At the present time, however, and since January 1, 1982, pursuant to the Local Rules discussed in our previous order, an examination is given several times each year covering the areas of federal procedure, jurisdiction and litigation, for those who wish to become members of the bar. Prior to the last two offerings of this examination, the Puerto Rico Chapter of the Federal Bar Association has provided a thorough review course to help prepare for this examination.

Finally, it is clear that admission to a state bar does not carry with it the right to appear before a U.S. District Court, *In Re Rappaport*, 558 F.2d 87, 89 (2d Cir.1977), and the consequence of one's position as Justice Secretary for that state or commonwealth does not carry with it any greater right or privilege to so appear.

However, given the uniqueness of this situation, and the awkward circumstances produced by the inability of the Secretary of Justice to practice before this Court,[2] the Court at this time shall allow the pleadings and motions of these appearing co-defendants and of all those in other cases pending before this Court whom the Secretary of Justice represents pursuant to the mandate of 3 L.P.R.A. § 72, to be regularly filed, *if* such pleadings, papers, or motions are duly signed, and such parties are properly represented by attorneys licensed to practice before this Court.

However, the appearance of Secretary Rivera Cruz, in person or by any writing must, regretfully, be strictly forbidden until such time as he becomes duly admitted, as all other lawyers, to this Court.

WHEREFORE, this Court's order of February 28, 1985, is hereby MODIFIED in accordance with this opinion, and the Clerk is instructed to allow the regular filing of pleadings and papers of parties represented by the Secretary of Justice if properly signed by an attorney duly admitted to practice before this Court.

IT IS SO ORDERED.

---

**2.** The Court takes note of the numerous cases pending before it in which the interests of the

Commonwealth are involved.