769 F.2d 568
 INTAKE WATER COMPANY, a Delaware corporation, Plaintiff-Appellant,
v.
YELLOWSTONE RIVER COMPACT COMMISSION; Gary Fritz; George
Christopulos and L. Grady Moore, as members of the
Yellowstone River Compact Commission; Mike Greely, Attorney
General of the State of Montana; Vernon Fahy, the State
Engineer of the State of North Dakota; and the North Dakota
State Water Commission, Defendants-Appellees.
 No. 84-3895.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 8, 1985.
Decided Aug. 20, 1985.
 
 Peter C. Pauly, Loble & Pauly, P.C., Helena, Mont., E. Barrett Prettyman, Jr., Mary Anne Mason, Hogan & Hartson, Washington, D.C., Stanley K. Hathaway, Hathaway, Speight & Kunz, Cheyenne, Wyo., Boyd L. Henderson, Alex T. Wyche, Houston, Tex., for plaintiff-appellant.
 Lawrence J. Wolfe, Asst. Atty. Gen., Cheyenne, Wyo., Joseph J. Cichy, Bismarck, N.D., Blake Watson, Jacques B. Gelin, Dept. of Justice, Washington, D.C., Donald D. MacIntyre, Tim D. Hall, Helena, Mont., for defendants-appellees.
 Jack Gage, Hanes, Gage & Burke, P.C., Cheyenne, Wyo., for amicus curiae: Wyoming Heritage Society.
 Appeal from the United States District Court for the District of Montana.
 Before ANDERSON and TANG, Circuit Judges, and TASHIMA, District Judge.*
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 Intake Water Company, a Delaware corporation, appeals a three-judge district court's grant of the Yellowstone River Compact Commission's motion to dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6). We have jurisdiction, 28 U.S.C. Sec. 1291,[1] and affirm.
 
 I. BACKGROUND
 
 2
 The Yellowstone River Compact fixes the water usage of all waters of the Yellowstone River Basin. It was enacted by Congress on October 10, 1951. Act of Consent to the Yellowstone River Compact, 65 Stat. 663, Ch. 629, Pub.L. 231 (1951). The signatory states, Montana, Wyoming and North Dakota, approved the Compact and codified it in their laws prior to congressional ratification. Mont.Code Ann. Sec. 85-20-101 (1983); Wyo.Stat. Sec. 41-12-607(e) (1977); N.D.Cent.Code Sec. 61-23-01 (1960). The Yellowstone River Compact Commission is charged by Congress with implementation of the Compact.
 
 
 3
 In June, 1973, appellant Intake appropriated 80,650 acre feet per year of Yellowstone River water. Intake planned construction of a diversion works, including a reservoir near Dawson, Montana. Some of the water was to be diverted outside the Yellowstone Basin for use elsewhere in Montana and North Dakota and thus outside the jurisdiction of the Compact.
 
 
 4
 Intake challenged the validity of Article X of the Compact, contending that it discriminated against, unreasonably impeded and exerted an undue burden on the flow of interstate commerce in violation of the Commerce Clause of the Constitution. Art. I, Sec. 8, cl. 3. Article X of the Compact restricts interbasin or interstate transfer of Yellowstone River waters, providing that:
 
 
 5
 No waters shall be diverted from the Yellowstone River Basin without unanimous consent of all the signatory states.
 
 II. STANDARD OF REVIEW
 
 6
 A ruling on a motion for failure to state a claim upon which relief can be granted is a ruling on a question of law, freely reviewable by the court of appeals. Rae v. Union Bank, 725 F.2d 478, 479 (9th Cir.1984). A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id.
 
 III. DISCUSSION
 
 7
 Intake alleges that Article X of the Compact, as state law, places a constitutionally impermissible burden on inter-state commerce by requiring unanimous consent of the signatory states for out-of-basin transfers of Yellowstone River water. Appellees, while not challenging the sufficiency of this argument, contend that: the Yellowstone River Compact was approved by Congress; because it was approved by Congress, it is federal, not state, law for purposes of Commerce Clause objections; therefore, the Compact cannot, by definition, be a state law impermissibly interfering with commerce but is instead a federal law, immune from attack.
 
 
 8
 The three-judge district court, in a well-reasoned decision, concluded that appellees' argument was the compelling one. Intake Water Co. v. Yellowstone River Compact Commission, 590 F.Supp. 293, 296-97 (1983). On the basis of that reasoning, we agree.
 
 
 9
 When Congress approved this compact, Congress was acting within its authority to immunize state law from some constitutional objections by converting it into federal law. Cuyler v. Adams, 449 U.S. 433, 438, 101 S.Ct. 703, 706, 66 L.Ed.2d 641 (1981). Accord, NYSA-ILA Vacation & Holiday Fund v. Waterfront Comm'n. New York Harbor, 732 F.2d 292 (2d Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 175, 83 L.Ed.2d 109 (1984). Nor can there be any question as to whether Congress in fact approved the state law from which immunity from Commerce Clause attack is claimed: The Compact was before Congress and Congress expressly approved it.
 
 
 10
 We find additional support for this holding in the Supreme Court's recent decision of Northeast Bancorp Inc. v. Board of Governors of the Federal Reserve System, --- U.S. ----, 105 S.Ct. 2545, 86 L.Ed.2d 112 (1985). There, the Court rejected the argument that regional limitations contained in Massachusetts and Connecticut statutes burdened interstate commerce. The Court held: "When Congress so chooses, state actions which it plainly authorizes are invulnerable to constitutional attack under the Commerce Clause." 105 S.Ct. at 2554. Thus, as a federal law, the Compact authorizes those actions included within its provisions.
 
 
 11
 Our review leads us to conclude that Intake failed, as a matter of law, to state any claim for which relief could be granted. The district court did not, therefore, err in granting the motion to dismiss and the portion of the district court's judgment denying declaratory relief is
 
 
 12
 AFFIRMED.
 
 TASHIMA, District Judge, concurring:
 
 13
 While I concur in Judge Anderson's opinion, I write separately to set forth an additional reason why I vote to affirm the three-judge district court's denial of declaratory relief.
 
 
 14
 The primary issue raised by appellant Intake Water Company ("appellant" or "Intake") is best stated in its own words:
 
 
 15
 Intake's fundamental contention is that the scope and meaning of congressional consent to an interstate compact will vary from compact to compact.... The circumstances surrounding the grant of congressional consent to an interstate compact must be examined in each instance on an ad hoc basis.... [A]bsent specific indications to the contrary, congressional consent does not also operate as a kind of blanket approval for state actions under a compact which otherwise would violate Commerce Clause restrictions.
 
 
 16
 Reply Brief for Appellant at 3 (footnote omitted). The majority opinion does not address this issue.[1] Rather, we have applied what is, in effect, a per se rule that when Congress approves a compact, it ipso facto converts the provisions of the compact into federal law sufficient to immunize the compact from Commerce Clause attack.[2] Majority opinion at 570.
 
 
 17
 I acknowledge that, in so doing, we have considered and rejected Intake's contention that we must examine the circumstances surrounding Congress' action in order to determine whether it intended to grant Commerce Clause immunity. While arguing strenuously that its position is supported by the case law, Intake acknowledges that it advances a novel proposition (i.e., that, in terms of the issue it tenders, this is a case of a first impression). None of the many cases cited by Intake squarely supports its contention. The real issue raised by appellant is what inference should be drawn from an essentially silent congressional record, which is the case here. Neither the Act of Consent to the Yellowstone River Compact, Pub.L. No. 231, 65 Stat. 663 (1951), nor its legislative history, discloses that Commerce Clause immunity was expressly considered. Appellant contends that such a silent record compels the conclusion that Congress, in approving a compact, intended not to immunize it from Commerce Clause attack.
 
 
 18
 By rejecting appellant's contention, we merely ascribe to Congress the intent plainly to be inferred from its action, i.e., that it intended to do what it did--approve the Yellowstone River Compact without reservation.[3]
 
 
 
 *
 The Honorable A. Wallace Tashima, United States District Judge, District of Central California, sitting by designation
 
 
 [1]
 The explicit language of 28 U.S.C. Sec. 1253 provides for direct appeal to the Supreme Court "from an order granting or denying ... an interlocutory or permanent injunction ..." and no such issue is presented here. Intake appeals only from that portion of the judgment denying its request for declaratory relief and expressly disclaims appeal from the district court's denial of injunctive relief. We also note that the Supreme Court dismissed appellant Intake's direct appeal for lack of jurisdiction. Intake Water Co. v. Yellowstone River Compact Commission, --- U.S. ----, 105 S.Ct. 316, 83 L.Ed.2d 254 (1984)
 
 
 [1]
 Neither, insofar as I can tell, did the district court. See Intake Water Co. v. Yellowstone River Compact Comm'n, 590 F.Supp. 293, 296-97 (D.Mont.1983) (per curiam)
 
 
 [2]
 We are not here concerned with the hypothetical situation where the statute or its legislative history may be read as affirmatively disclosing an intent to the contrary
 
 
 [3]
 Congress has "expressly reserved" in the Act of Consent the "right to alter, amend or repeal" its consent to the Compact. Pub.L. No. 231 Sec. 2, 65 Stat. 663, 671 (1951). From this, we may infer two things. First, that Congress reserved all that it intended to reserve when it approved the Compact. And, second, that Congress may, at any time, change its mind and withdraw Commerce Clause immunity