[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Statewide Grievance Committee, has brought the instant presentment, pursuant to Practice Book § 2-47[1] alleging that the respondent, Richard W. Gifford, has violated Rules 1.5(a), 1.4(a), 1.4 (b), 1.1, 1.3, 3.2, and 8.4(4) of the Rules of Professional Conduct[2]
in his dealings with his former client Ann Weichman. The respondent represented Ms. Weichman in her federal discrimination lawsuit against her employer, the Travelers Insurance Company. Mr. Gifford has filed this motion to dismiss claiming that as the substantive allegations arise CT Page 14920 solely from his representation in federal court, only that court has the authority to discipline him. The petitioner disagrees maintaining that first, Rule 8.5 of the Rules of Professional Conduct specifically gives jurisdiction to this court and that second, the authority cited by the respondent does not support his premise. This court agrees with the petitioner.
Rule 8.5 of the Rules of Professional Conduct states that "[a] lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction although engaged in practice elsewhere." Indeed, the Commentary notes, in part, that "[i]n modem practice lawyers frequently act outside the territorial limits of the jurisdiction in which they are licensed to practice, either in another state or outside the United States. In doing so, they remain subject to the governing authority of the jurisdiction in which they are licensed to practice." The respondent argues that the remaining parts of the Commentary, especially the last sentence ("A related problem arises with respect to practice before a federal tribunal, where the general authority of the states to regulate the practice of law must be reconciled with such authority as federal tribunals may have to regulate practice before them") deprives this court of jurisdiction. While that sentence surely recognizes that there could be a conflict between state and federal disciplinary law, it clearly does not declare that a state has no jurisdiction in matters arising out of federal proceedings. Indeed, the second sentence, mentioned above, expressly states that lawyers remain subject to the jurisdiction in which they are licensed. This court thus finds that the first argument fails.
The respondent's cases are also not availing. All of them note that the federal courts retain "an absolute and unfettered power . . . to discipline members of its bar independently and separately from admission and disciplinary procedures . . . of state courts." Matter of Abrams,521 F.2d 1094, 1101 (F.3d Cir. 1975); see also Whitehouse v. U.S.District Court for the District of Rhode Island, 53 F.3d 1349, 1356, cert. denied, 423 U.S. 1038, 96 S.Ct. 574, 46 L.Ed.2d 413 (1995); In reLanderman, 7 F. Sup.2d 1202 (D.Utah 1998). While a state court's disciplinary decision is not binding on a federal court; Theard v. U.S.,354 U.S. 278, 282, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1956), that proposition does not also mean that the corresponding state court has no jurisdiction. See In re Sawyer, 260 F.2d 189, 201 (9th Cir. 1958), rev'don other grounds, 360 U.S. 622, 79 S.Ct. 1376, 3 L.Ed.2d 1473 (1958) ("[T]he state . . . is the primary jurisdiction that sponsors a lawyer, that mainly presents him to the public. It has an interest. Even had the conduct been in open federal court, still the state has an interest.").
"It is well established that the judicial branch has the inherent power CT Page 14921 to investigate the conduct of an officer of the court. . . . The Superior Court possesses inherent authority to regulate attorney conduct and to discipline the members of the bar." (Citation omitted; internal quotation marks omitted) Massameno v. Statewide Grievance Committee, 234 Conn. 539,553, 663 A.2d 317 (1995). The fact that the federal courts can conduct their own disciplinary proceedings does not preclude this court from exercising its jurisdiction over a member of this bar. Accordingly, the motion to dismiss is denied.
Berger, J.