Eileen B. Cohen **LUPERT**,
Plaintiff-Appellant,

v.

The **CALIFORNIA STATE BAR, et al.,**
Defendants-Appellees.

No. 84–5632.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1985.

Decided May 23, 1985.

Eileen B. Cohen Lupert, San Gabriel, Cal., for plaintiff-appellant.

Magdalene O'Rourke, State Bar of California, San Francisco, Cal., for defendants-appellees.

Before WRIGHT, ALARCON and NORRIS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The only noteworthy issue in this appeal is the constitutionality of California's

"Baby Bar" requirement. Plaintiff raises numerous other issues, including a challenge to the dismissal of the state agencies under the Eleventh Amendment, which we deal with summarily.

## FACTS

Eileen B. Cohen Lupert, appearing *in propria persona*, challenged the constitutionality of section 6060(g) of the California Business and Professions Code. That section requires that students enrolled at schools unaccredited by the Committee of Bar Examiners of the State Bar of California (Committee) must pass the First-Year-Law-Student Examination (FYLSX) before receiving credit for further study. Cal. Bus. & Prof.Code § 6060(g) (West Supp. 1985). If a student fails the exam, the Committee may exercise discretion to give credit for subsequent study for "good cause." *Id.*

Lupert attended Southern University, an unaccredited correspondence school registered with the Committee. She took and failed the FYLSX administered in June 1982.

In her complaint, she raised numerous allegations against the State Bar Board of Governors (Board), the Committee, and against the individual defendants, Anthony Murray, then President of the Board, and Martin Glick, then Chairman of the Committee. She asked that section 6060(g) be declared unconstitutional and that defendants be enjoined from administering FYLSX.

The district court dismissed the Board of Governors and the Committee, finding that they were immune from suit under the Eleventh Amendment. On appeal, Lupert appears to argue that, because she is a citizen of a state other than California, and because she does not seek monetary relief, the Eleventh Amendment does not apply.

The Eleventh Amendment bars this suit against the named agencies as the state did not consent to being sued. *See Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (1978). The Eleventh Amendment's prohibition does not extend to prospective, non-monetary injunctive or declaratory relief against state officials. *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979); *Fisher Foods, Inc. v. Ohio Dept. of Liquor Control*, 555 F.Supp. 641, 648 (N.D.Ohio 1982).

## ANALYSIS

We review the district court's grant of summary judgment *de novo*. *Frederick Meiswinkel, Inc. v. Laborers' Union Local 261*, 744 F.2d 1374, 1376 (9th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 1394, 84 L.Ed.2d 783 (1985). The test is whether there is any genuine issue of material fact and, if not, whether viewing the evidence and permissible inferences in the light most favorable to the adverse party, the movant is entitled to prevail as a matter of law. *Operating Engineer Pension Trust v. Beck Engineering & Surveying Co.*, 746 F.2d 557, 561 (9th Cir.1984).

The basic thrust of Lupert's numerous constitutional challenges to section 6060(g) is that the statute impermissibly discriminates between those who attend accredited and unaccredited law schools. She argues that the rationale for the examination is outdated and that it unconstitutionally discriminates based on the "status" of law students. The court below treated these claims as an equal protection challenge to the statute.[1]

Plaintiff has shown neither infringement of a fundamental right[2] nor discrimination against a suspect class which would trigger strict scrutiny. *See San Antonio Indep. School Dist. v. Rodriguez*, 411 U.S. 1, 17, 93 S.Ct. 1278, 1288, 36 L.Ed.2d 16 (1973); *Brandwein v. Califor-*

---

1. Plaintiff challenges the statute under the First, Fifth, Ninth, Thirteenth and Fourteenth Amendments, as well as under Article I, Section 10 of the Constitution. Like the district court, we treat this as an equal protection challenge. Her other constitutional challenges are specious.

2. There is no basis in law for the argument that the right to pursue one's chosen profession is a fundamental right for the purpose of invoking strict scrutiny under the Equal Protection Clause. U.S. Const. amend. XIV. *Supreme Court of New Hampshire v. Piper*, — U.S. —,

*nia Bd. of Osteopathic Examiners,* 708 F.2d 1466, 1470 (9th Cir.1983). State and federal courts generally have subjected state bar admission restrictions to mere rational basis analysis. *E.g., Bib'le v. Committee of Bar Examiners,* 26 Cal.3d 548, 555, 606 P.2d 733, 737, 162 Cal.Rptr. 426, 430, *cert. denied,* 449 U.S. 860, 101 S.Ct. 163, 66 L.Ed.2d 77 (1980); *see Hackin v. Lockwood,* 361 F.2d 499, 502 (9th Cir.), *cert. denied,* 385 U.S. 960, 87 S.Ct. 396, 17 L.Ed.2d 305 (1966).

■ To uphold section 6060(g), we need find only "that the distinctions drawn bear some rational relationship to a conceivable legitimate state purpose." *Bib'le,* 26 Cal.3d at 555, 606 P.2d at 737, 162 Cal. Rptr. at 430. *See Brandwein,* 708 F.2d at 1470–71; *Schware v. Board of Bar Examiners,* 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957) ("[a] State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law." ).

According to a consultant to the Committee, the Board instituted the FYLSX in response to a recommendation in a 1933 survey and a recommendation by the Advisory Committee based on that survey. *See Bib'le,* 26 Cal.3d at 554 n. 6, 606 P.2d at 736 n. 6, 162 Cal.Rptr. at 429 n. 6. The FYLSX was originally instituted to apprise students attending unaccredited schools of their potential for eventually becoming lawyers and to curb recruiting abuses by unaccredited law schools. *Id.* According to the Committee's consultant, the FYLSX serves those same purposes today.[3]

Lupert argues that summary judgment is inappropriate where the issue of whether the legal education of law students differed

depending on the status of the school is still an open question. This factual issue is not sufficient to defeat the motion for summary judgment. *See United States Jaycees v. San Francisco Junior Chamber of Commerce,* 513 F.2d 1226, 1226 n. 1 (9th Cir.1975) (must be genuine issue for trial). None of the factual issues raised at trial or on appeal is relevant to the rational basis analysis. We need only examine whether the statute has a conceivable basis rationally related to a legitimate governmental purpose. *Brandwein,* 708 F.2d at 1470–71.

■ A plaintiff challenging the constitutionality of a state licensing scheme has a heavy procedural burden under the rational basis test. *Brandwein,* 708 F.2d at 1470. The Supreme Court is extremely deferential to legislative classifications in actions challenging regulation of licensed professions. *See, e.g., Williamson v. Lee Optical,* 348 U.S. 483, 487–489, 75 S.Ct. 461, 464–465, 99 L.Ed. 563 (1955); *Watson v. Maryland,* 218 U.S. 173, 177, 30 S.Ct. 644, 646, 54 L.Ed. 987 (1910). *See also Ohralik v. State Bar Ass'n.,* 436 U.S. 447, 460, 98 S.Ct. 1912, 1920–21, 56 L.Ed.2d 444 (1978) (state has special responsibility to maintain standards in the licensed professions). The plaintiff must establish that the facts on which the legislature may have relied could not reasonably have been conceived as true by the governmental decisionmaker. *Vance v. Bradley,* 440 U.S. 93, 111, 99 S.Ct. 939, 949, 59 L.Ed.2d 171 (1979).

The California Supreme Court has found that a strong public policy underlies the FYLSX exam and that the exam "serves a legitimate state interest." *Bib'le,* 26 Cal.3d at 554, 555, 606 P.2d at 737, 162 Cal.Rptr. at 429, 430. The exam:

both protects persons from continuing to pursue a profession for which they are

---

105 S.Ct. 1272, 84 L.Ed.2d 205 (1985), is distinguishable because it involved only the Article Four "Privileges and Immunities" Clause, U.S. Const. art. IV, § 2, cl. 1, not the Equal Protection Clause, 105 S.Ct. at 1277.

**3.** In his declaration, the consultant stated that unaccredited schools have "shown a willingness to advance all students, regardless of ability or performance. Were it not for the administra-

tion and application of the FYLSX requirement, no student would be disqualified at correspondence schools and few, if any, at the unaccredited resident law schools. Further, "the FYLSX, therefore, is the only means by which students at unaccredited law schools can be assured of a reasonably accurate appraisal of their progress or lack of progress in the study of law."

not qualified, and aids qualified persons in judging the quality of the training and education they are receiving in preparation for the bar examination. Not only are these legitimate state interests but there is a rational basis for the different treatment of students receiving instruction at accredited and unaccredited schools because the committee, by setting standards for accreditation, can impose minimum standards on the quality of education at accredited schools.

26 Cal.3d at 555, 606 P.2d at 737, 162 Cal.Rptr. at 430.

The district court found that the *Bib'le* holding is consistent with other federal courts' decisions ruling on more questionable bar restrictions. *See Huffman v. Montana Supreme Court,* 372 F.Supp. 1175 (D.Mont.), *aff'd,* 419 U.S. 955, 95 S.Ct. 216, 42 L.Ed.2d 172 (1974) (Montana law exempting only state law school graduates from taking the state bar exam rational). *Goldsmith v. Pringle,* 399 F.Supp. 620 (D.Colo.1975) (reciprocity to all lawyers except those admitted in Florida and California rational).

Defendants are entitled to summary judgment. There are no material factual disputes and, given the well-established and legitimate governmental objective of the FYLSX, section 6060(g) passes the rational basis test.

Plaintiff raises other arguments. We summarily dispose of them here. She had three motions pending before the court when it granted defendants' summary judgment motion: a motion to strike parts of defendants' answers to the first amended complaint; a motion for a permanent injunction; and a motion for judgment with prejudice. The court denied all three as moot "[i]n light of the resolution of defendants' motion."

Lupert's argument that the court should have ruled on these motions is specious. Granting the defendants' summary judgment motion disposed of all issues between the parties. The issues were "no longer 'live.'" *Pacific Maritime Ass'n v. International Longshoremen's and Warehousemen's Union,* 454 F.2d 262, 263 (9th Cir.1971). *See also Rosenfeld v. Southern Pacific Co.,* 444 F.2d 1219, 1221 (9th Cir. 1971) (court without power to give advisory opinions which cannot affect rights of litigants).

All other issues raised on appeal are specious and are dismissed. No petition for rehearing will be entertained. *See* Fed. R.App.P. 2.

AFFIRMED.