George M. BISHOP, Plaintiff-Appellant,

v.

STATE BAR OF TEXAS, et al., Defendants-Appellees.

No. 85–2440
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 11, 1986.

George M. Bishop, Houston, Tex., pro se.

Steven D. Peterson, State Bar of Texas, Adele M. Winn, Austin, Tex., for Landin, Evers & State Bar.

Bertrand C. Moser, Houston, Tex., for Robert J. Adam & Terry J. Adam.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff George M. Bishop brought this action against the State Bar of Texas, D. Craig Landin (Assistant General Counsel for the State Bar), Michael B. Evers (investigator for the State Bar), Terry J. Adam, and Robert J. Adam. Bishop's action sought injunctive and monetary relief regarding disciplinary proceedings brought against attorney Bishop in Texas state court. These disciplinary proceedings were based in part on grievances brought to the State Bar's attention by defendants Terry J. Adam and Robert J. Adam. The instant record on appeal indicates only that a formal complaint against attorney Bishop has been filed in Texas state court; the record does not indicate whether those proceedings have been completed. The district court dismissed attorney Bishop's complaint without prejudice on the ground that injunctive proceedings against the pending state court proceedings were barred by the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). On appeal, this Court vacated the district court's dismissal and remanded the case so that the district court could determine whether the state disciplinary proceedings were brought in bad faith. *Bishop v. State Bar of Texas*, 736 F.2d 292 (5th Cir.1984). On remand, the district court held a full hearing with the presentation of extensive documentary evidence and oral testimony. The district court determined that there was no bad faith in instituting the disciplinary proceedings and that, accordingly, no injunction should be issued. After dispensing with Bishop's claim for injunctive relief, the district court granted summary judgment (based on the testimony at the injunctive hearing and additional affidavits submitted by the defendants) on Bishop's claim for monetary relief. Bishop appeals this summary judgment. On this appeal, Bishop does not urge that the district court erred in refusing injunctive relief. Rather, Bishop's central argument on appeal is that the district court erred in holding that the State Bar was not liable and that State Bar employees Landin and Evers were protected from liability for monetary damages by immunity. We reject Bishop's arguments and affirm.

## I. BACKGROUND

The State Bar disciplinary proceedings brought against Bishop focus on three complaints: (1) the "Adam complaint;" (2) the "Jauregui complaint;" and (3) the "Trust Fund complaint." We shall briefly discuss the facts underlying these three complaints.[1]

In 1972, attorney Bishop represented the wife of defendant Terry Adam in a divorce action. After the suit was filed, defendant Terry Adam and his wife temporarily reconciled; Bishop, however, again represented Mrs. Adam in divorce proceedings that commenced in 1975 and continued until October 1977. In 1975, Bishop represented parties, also adverse to defendant Terry Adam, in another action. In November 1976, Terry Adam filed a grievance against Bishop with the Texas State Bar and, following a hearing in August 1977, the grievance filed by Adam was dismissed. Characterizing this result as a "whitewash," Terry Adam protested to various government officials and filed at least two lawsuits against Bishop alleging, among other things, malpractice and breach of contract. Subsequently, the grievance against Bishop was reopened in 1979 and updated as Adam provided new information against Bishop. On June 9, 1982, a Grievance Committee of the State Bar of Texas voted to file a formal complaint against attorney Bishop. The essence of the complaint was that Bishop failed to respond honestly to a Request for Admissions in a matter in which Bishop and defendant Terry Adam were opponents.

In addition to this complaint (i.e., the Adam complaint), two other complaints were filed against attorney Bishop. The record demonstrates no connection between these two additional complaints and the Adam complaint, other than all three involved attorney Bishop. One of these additional complaints, filed by a former client of Bishop's, Carlos Jauregui, alleged that Bishop had mishandled Jauregui's case seeking damages for personal injury. The third complaint (i.e., the Trust Fund complaint) alleged that Bishop had acted improperly as trustee for funds involved in litigation. On June 9, 1982, the Grievance Committee voted to bring a formal complaint against Bishop on the Trust Fund complaint and, on July 21, the Grievance Committee took the same action with regard to the Jauregui complaint.

Because Bishop had not been given a chance to respond to the charge regarding the Trust Fund complaint, the State Bar delayed filing a court action in order to permit Bishop an opportunity to respond. Bishop was invited to provide a written response. Bishop failed to make any such response. In 1983, the State Bar, as required by Tex.Rev.Civ.Stat.Ann. art. 320a–1, § 15 (Vernon Supp.1986), filed a lawsuit raising all three complaints and seeking to have Bishop reprimanded, suspended, or disbarred.

In December 1982, Bishop filed this federal court action against the defendants, alleging that the State Bar had prosecuted disciplinary proceedings against him in bad faith and in violation of the constitutional guarantee of due process. Bishop also raised a pendent state law defamation claim against the Adam brothers. As noted above, the district court dismissed attorney Bishop's federal complaint on the basis of *Younger*, and this Court vacated and remanded. Following remand, a hearing was held on the request for an injunction; the trial judge dismissed the motion for an injunction but refused to dismiss the section 1983 damage claim or the pendent state claims. Defendants then moved for summary judgment. Bishop did not file a response to these motions, and the trial judge granted the motions and dismissed all remaining claims against all defendants.

## II. DISCUSSION

Bishop first challenges the district court's holding that the State Bar of Texas

1. The purpose of this discussion should be considered as background solely for purposes of this appeal. The discussion should not be considered as commenting on the merits of the disciplinary charges against attorney Bishop.

is not a "person" within the meaning of 42 U.S.C. § 1983. This Court, however, has noted that the State Bar of Texas is a state agency such that an action for damages is barred by the eleventh amendment. *Krempp v. Dobbs*, 775 F.2d 1319, 1321 & n. 1 (5th Cir.1985). Thus, plaintiff Bishop cannot recover damages against the State Bar.

■ Bishop also challenges the district court's finding that the State Bar employees, Assistant General Counsel Landin and investigator Evers, are shielded from monetary relief under good faith immunity. Recognizing the importance of the disciplinary process to the judiciary, courts have afforded broad immunity to members of bar grievance committees and their staff. *See generally Slavin v. Curry*, 574 F.2d 1256, 1266 (5th Cir.) (grievance committee members entitled to absolute immunity), *modified on other grounds on rehearing*, 583 F.2d 779 (5th Cir.1978); *Austin Municipal Securities, Inc. v. National Association of Securities Dealers, Inc.*, 757 F.2d 676, 690 (5th Cir.1985) (noting broad scope of immunity to bar grievance committee members in dictum); *Clulow v. Oklahoma*, 700 F.2d 1291, 1298 (10th Cir.1983) ("bar officials charged with the duties of investigating, drawing up, and presenting cases involving attorney discipline enjoy absolute immunity from damage claims for such functions"); *Kissell v. Breskow*, 579 F.2d 425, 430 (7th Cir.1978) (person acting in prosecutorial role entitled to quasi-judicial

immunity). Assistant General Counsel Landin, however, does not argue that he is entitled to absolute immunity in all of his actions undertaken with respect to the Bishop proceedings, and investigator Evers makes no such claim to absolute immunity. Accordingly, this Court does not reach the question in the instant case whether counsel Landin and investigator Evers are entitled to absolute immunity.[2]

■ Plaintiff Bishop puts forth several arguments that the district court erred in holding counsel Landin and investigator Evers protected by good faith immunity. The first is that counsel Landin cannot be protected by immunity since Landin filed the Trust Fund complaint himself. This argument is without merit; the record clearly establishes that Landin's duties as counsel for the State Bar included the filing of such grievances. Secondly, Bishop attacks the affidavits filed by Landin and Evers as inadequate to establish a right to summary judgment. While Bishop's contention might have merit if the affidavits had been the sole basis for summary judgment, Bishop's argument ignores the extensive evidence produced at the hearing upon which the district court relied in granting the summary judgment. Bishop's third attack, based on the defendants' failure to plead qualified immunity, has already been addressed. *See supra* n. 2. Thus, this Court sees no merit to plaintiff Bishop's contentions on appeal.[3]

---

**2.** Plaintiff Bishop argues that defendants Landin and Evers are not entitled to good faith immunity since they have not raised it as an affirmative defense in their pleadings. *See* Fed.R.Civ.P. 8(c). Qualified or good faith immunity is an affirmative defense that must be pleaded by a defendant official. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). This Court, however, has noted that "there is ample authority for raising affirmative defenses by summary judgment motion in the context of the official immunity defense." *Batiste v. Burke*, 746 F.2d 257, 258–59 n. 1 (5th Cir.1984). *See also Barker v. Norman*, 651 F.2d 1107, 1120 n. 16 (5th Cir.1981). In the instant case, the district court, after ruling in favor of the defendants on the motion to dismiss the request for an injunction, requested the individual defendants to file a motion for summary judgment on the

remaining claims. The defendants complied, raising the issue of their good faith immunity. The district court allowed plaintiff Bishop two months to respond; plaintiff Bishop remained mute. In such circumstances, we see no reversible error in the district court's granting summary judgment on the basis of the immunity defense. *See Batiste*, 746 F.2d at 258–59 n. 1.

**3.** Although Bishop's brief does not specifically address the point, this Court has also examined Bishop's contention at the trial court level that the defendants Landin and Evers violated his constitutional right to due process by not affording him a full adversary hearing and by bringing the action in bad faith. We see no merit to the possible contention that the defendants' actions did not meet the *Harlow* standard. *See Zauderer v. Office of Disciplinary Counsel of the*

## III. CONCLUSION

Finally, the district court did not err in granting summary judgment on Bishop's allegation regarding a conspiracy among the State Bar officials and the Adam brothers. The district court also properly dismissed without prejudice the pendent state claims.

Accordingly, the judgment of the district court is

AFFIRMED.

*Supreme Court of Ohio,* —— U.S. ——, 105 S.Ct. 2265, 2283–84, 85 L.Ed.2d 652 (1985); *Mildner v. Gulotta,* 405 F.Supp. 182, 195 (E.D.N.Y.1975) (three judge panel), *aff'd,* 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976); *Galindo v. State,* 535 S.W.2d 923 (Tex.Civ.App.—Corpus Christi 1976, no writ).

The Court notes that the evidence regarding the bad faith of defendants Landin and Evers was particularly weak. The Bar brought its disbarment action based on three complaints, none of the complaints were interrelated, and the Adam brothers (the alleged instigators of the conspiracy against Bishop) had no connection whatever with two of those complaints. The Bar Committee voted to bring charges based on the Jauregui complaint at a separate meeting from the one where it voted on the other complaints. Nothing in the record suggests that the action in regard to the Jauregui complaint was taken in bad faith. Further, because Bishop has not challenged the factual accuracy of the allegations in the Trust Fund complaint, there is no evidence that it was raised in bad faith. Even more decisively, the record conclusively establishes that the allegation in the Adam complaint has prima facie validity. Bishop concedes that his responses to the Request for Admissions lacked candor and honesty, and that he may have signed, and had his secretary notarize, an affidavit attesting to the truth of those answers. While Bishop may have a defense to the Adam complaint, one simply cannot conclude that the complaint was prosecuted in bad faith by defendants Landin and Evers.