Joseph R. GIANNINI, Plaintiff,

v.

Manuel L. REAL, the United States District Court for the Central District of California, Albert Lee Stephens, Jesse W. Curtis, Francis C. Whelan, Irving Hill, A. Andrew Hauk, William P. Grey, David W. Williams, Robert J. Keleher, Lawrence T. Lydick, Lauglin E. Waters, William M. Byrne, Robert M. Takasugi, Mariana R. Pfaelzer, Terry J. Hatter, Jr., A. Wallace Tashima, David V. Kenyon, Consuelo B. Marshall, Richard A. Gadbois, Jr., Edward Rafeedie, Pamela A. Rymer, Harry L. Hupp, Alicemarie H. Stotler, William J. Rea, James M. Ideman, William D. Keller, Ferdinand F. Fernandez, Stephen V. Wilson, J. Spencer Letts, Dickran Tevrizian, John G. Davies, Ronald S.W. Lew, California Supreme Court, Malcolm Lucas, Stanley Mosk, Allen Broussard, Edward Panelli, John Arguelles, David Eagleson, Marcus Kaufman, the United States District Court for the Southern District of California, Gordon Thompson, Jr., William Enright, Earl Gilliam, Howard Turentine, Rudi Brewster, John Rhodes, the United States District Court for the Eastern District of California, Lawrence Karlton, Milton Schwartz, Edward Dean Price, Raul Ramirez, Robert Coyle, Edward Garcia, Thomas MacBride, Phillip Wilkins, M.D. Crocker, the Committee of Bar Examiners, Jeanne Ray, Edward Costello, Fernando D. DeNoechea, Galal S. Gough, Judy Johnson, Fulton Haight, Fern Laethem, John R. Stokes, Michael R. Yamaki, Hoyt Zia, Defendants.

No. C–88–6279 SAW.

United States District Court,
C.D. California.

April 20, 1989.

Joseph R. Giannini, Marina del Ray, Cal., pro se.

California Atty. General's Office, Angela Sierra, Christopher Caldwell, U.S. Atty's. Office, Roger West, Los Angeles, Cal., Ellen Peck, Pacific Palisades, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff brings this action challenging his denial to practice law in the State of California, and in the United States District Courts for the Central, Southern and Eastern Districts of California. Defendants are the California Supreme Court, the named justices of that court, the said District Courts, the named judges of those courts, the Committee of Bar Examiners of the State Bar and its committee members.[1]

Plaintiff moves for summary judgment for admission to practice in the named federal district courts and for a preliminary injunction ordering admission to the California bar. He also moves for default judgment against the individually named members of the Committee of Bar Examiners and for criminal sanctions against the Committee's attorneys, Truitt Richey and Diane Yu.

The California Supreme Court, its justices and the Committee of Bar Examiners (hereinafter, collectively referred to as the state defendants) move to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The said District Courts and their judges (hereinafter, collectively referred to as the federal defendants) also move to dismiss for lack of subject matter jurisdiction. Defendant Judge Tashima moves in the alternative to stay the action. The remaining federal defendants move to dismiss for failure to state a claim upon which relief can be granted.

## I. Background.

Plaintiff alleges that he graduated from Temple University, an American Bar Association accredited law school, and that he was admitted to practice before the Supreme Court of Pennsylvania, the Supreme Court of New Jersey, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, the United States District Court for the Northern District of California, the United States Court of Appeals for the Ninth Circuit, and the United States Tax Court.[2]

Plaintiff's complaint goes on to allege that he took the July, 1986, and February,

---

1. The title in plaintiff's complaint misspells the names of some defendants. Since these errors *do not preclude identification, the title in this* Memorandum and Order conforms to that in the complaint.

2. These allegations are not challenged. In view of plaintiff's acceptance as a practitioner in all *those courts, his claims merit careful considera-*tion.

1987, California Bar Examinations but did not receive an overall passing score.

The present action is not the first brought by plaintiff relating to denial of admission to practice law. He initially challenged the constitutionality of the California Bar Examination in a prior action filed in this Court. *Giannini v. The Committee of Bar Examiners*, C–87–3797 JGD. The Ninth Circuit Court of Appeals affirmed the dismissal of the action, noting that plaintiff had failed to appeal to the state supreme court which had the authority to grant or deny admission to the bar, and that plaintiff therefore had suffered no deprivation under federal law. *Giannini v. The Committee of Bar Examiners*, 847 F.2d 1434, 1435 (9th Cir.1988).

In a separate action, plaintiff challenged this Court's local admission rule. *Giannini v. Real*, C–88–012467. The Court ordered the action stayed until plaintiff "fully exhausts his administrative remedies with regard to the State Bar of California." Order Staying Plaintiff's Action, Civil No. 88–1467–RB, August 25, 1988, at 4.

In July, 1988, plaintiff filed a Petition for Admission and Other Declaratory Relief with the California Supreme Court. On October 12, 1988, the California Supreme Court denied the petition in a one line order.

Plaintiff filed the instant complaint on October 24, 1988.[3] Because the complaint names as defendants all judges of this Court, the Chief Judge of the Ninth Circuit designated and assigned the undersigned to perform the duties in this case as United States District Judge for the Central District of California.

## II. Claims Against the State Defendants.

Plaintiff alleges that the California Supreme Court and the Committee of Bar Examiners have violated the fourteenth amendment's due process and equal protection clauses, the privileges and immunities clause of article IV, section 2, and the commerce clause of article I, section 8.

Complaint, Counts 1–5. Plaintiff also brings claims for damages pursuant to 42 U.S.C. §§ 1983 and 1985 against the Committee and its members. Complaint, Counts 9–10. Finally, plaintiff brings state law claims against the Committee based on alleged breach of contract and fraud. Complaint, Counts 7–8.

### A. Subject Matter Jurisdiction.

1. Review of the State Court Decision.

The state defendants are correct in asserting that this Court lacks subject matter jurisdiction because the complaint seeks review of a state court judicial determination. *District Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311–12, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *see* 28 U.S.C. § 1257. Plaintiff's petition to the California Supreme Court asked that court to "grant his admission to the California bar, declare the present Committee testing scheme to be improper under California law and/or unconstitutional, and award attorney fees." Petition, Exhibit 101 to Federal Defendant's Motion, at 3. The California court thus had to "investigate, declare, and enforce 'liabilities as they [stood] on present or past facts and under laws supposed already to exist.'" *See Feldman*, 460 U.S. at 479, 103 S.Ct. at 1313 (quoting *Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 226, 29 S.Ct. 67, 69, 53 L.Ed. 150 (1908)). The California Court's denial was therefore a judicial determination.

This does not end the inquiry, however. A plaintiff can bring two types of challenges to bar admissions: "'The first is a constitutional challenge to the state's general rules and regulations governing admission; the second is a claim, based on constitutional or other grounds, that the state has unlawfully denied a particular applicant admission.'" *Feldman*, 460 U.S. at 485, 103 S.Ct. at 1316 (quoting *Doe v. Pringle*, 550 F.2d 596, 597 (10th Cir.1976), *cert.*

---

**3.** The parties agreed in open court on January 3, 1989, that a prior action, *Giannini v. Real*, C–88–

012467, would be treated as dismissed.

**996**

*denied* 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977)).

> United States district courts ... have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings....

*Feldman,* 460 U.S. at 486, 103 S.Ct. at 1317.

This Court therefore does not have jurisdiction if it "would have to go beyond mere review of the state rule *as promulgated,* to an examination of the rule *as applied* by the state court to the particular factual circumstances of [the applicant's] case." *Razatos v. Colorado Supreme Court,* 746 F.2d 1429, 1433 (10th Cir.1984), *cert. denied* 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed. 2d 301 (1985) (emphasis in the original). In addition, "[i]f the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar," *Feldman* at 483–484, n. 16, 103 S.Ct. at 1315 n. 16, the district court does not have subject matter jurisdiction.

In his first cause of action, plaintiff asserts that his procedural due process rights were violated because (1) the Committee did not provide reasons or notice as to why plaintiff failed the California Bar Examination, and (2) neither the Committee nor the California Supreme Court provided plaintiff an opportunity to be heard or to present a claim or defense. This count asks the Court to review directly the California Supreme Court's determination, and to overrule it by ordering that court to admit plaintiff to its bar. This demand is inextricably intertwined with the California court's denial, and therefore this Court is without jurisdiction to address it.

The remaining claims do not require any direct review of plaintiff's application to the California Supreme Court. They challenge the California Bar Examination as unconstitutional per se. Therefore, this Court has subject matter jurisdiction over these general challenges.

2. The Eleventh Amendment.

The Committee of Bar Examiners asserts that the Court's jurisdiction is barred by the eleventh amendment to the United States Constitution. The eleventh amendment prevents federal courts from asserting jurisdiction in suits brought against the states. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 906–07, 79 L.Ed.2d 67 (1984). Such sovereign immunity extends to the Committee as an agency of the state, *Lupert v. California State Bar,* 761 F.2d 1325, 1327 (9th Cir.), *cert. denied* 474 U.S. 916, 106 S.Ct. 241, 88 L.Ed.2d 251 (1985); *Ginter v. State Bar of Nevada,* 625 F.2d 829, 830 (9th Cir.1980), and to the California Supreme Court.

The eleventh amendment does *not* prohibit prospective, nonmonetary injunctive or declaratory relief against state officials to protect federal rights. *Quern v. Jordan,* 440 U.S. 332, 357, 99 S.Ct. 1139, 1153, 59 L.Ed.2d 358 (1979); *Lupert,* 761 F.2d at 1327. Plaintiff has named as defendants the individual justices and the members of the Committee of Bar Examiners. Accordingly, the Court will exercise jurisdiction over plaintiff's claims for such relief.

Plaintiff also seeks compensatory damages in the amount of $1,000,000 from the state defendants. The eleventh amendment bars suits for damages brought against state officials acting in their official capacity. *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985). Plaintiff's claims for damages based on the state defendant's official conduct are thus barred.

Plaintiff also raises two pendent state law claims against the Committee. Complaint, Counts Seven and Eight. This Court has no jurisdiction over them, *Pennhurst,* 465 U.S. at 120, 104 S.Ct. at 918–19, and they must be dismissed.

### 3. Substantial Federal Question.

■ The state defendants argue finally that plaintiff's claim is so "wholly insubstantial and frivolous" as not to involve a federal controversy. A federal question is jurisdictionally insubstantial if "it is patently without merit, or so insubstantial, improbable, or foreclosed by Supreme Court precedent as not to involve a federal controversy." *Demarest v. United States,* 718 F.2d 964, 966 (9th Cir.1983), *cert. denied* 466 U.S. 950, 104 S.Ct. 2150, 80 L.Ed. 2d 536 (1984) (citing *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 70–71, 98 S.Ct. 2620, 2628–2629, 57 L.Ed.2d 595 (1978)).

■ Defendants argue that plaintiff's challenge is foreclosed by *Gormley v. Committee on Examinations and Admissions of the Supreme Court of Arizona,* 419 U.S. 810, 95 S.Ct. 25, 42 L.Ed.2d 37 (1974), in which the United States Supreme Court dismissed an appeal from the Supreme Court of Arizona for want of a substantial federal question. *Gormley* "stands firmly for the proposition that from a constitutional standpoint the several states have the right to set the criteria for the practice of law in their respective jurisdictions." *O'Neal v. Thompson,* 559 F.2d 485, 486 (9th Cir.1977). Although the states may set their own criteria, they must still abide by the Constitution. *See e.g. Supreme Court of Virginia v. Friedman,* —— U.S. ——, 108 S.Ct. 2260, 101 L.Ed.2d 56 (1988) (holding that Virginia's residency requirement for admission to the State's bar without examination violates the Privileges and Immunities clause). Plaintiff's challenges are therefore not foreclosed under *Gormley,* and will not be dismissed for want of a substantial federal question.

### B. Failure to State a Claim Upon Which Relief Can be Granted.

■ Defendants assert next that plaintiff cannot state a claim as to the constitu-

tionality of the California Bar Examination because that issue was previously adjudicated by the California Supreme Court. A final judgment on the merits of an action precludes the same parties or their privies from relitigating issues that were raised in that action. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Plaintiff raised each of his challenges to the examination in his petition to the California Supreme Court. *See* Petition, Exhibit 101 to Federal Defendant's Motion, at 24–25 (due process), 12–15 (equal protection claim), 15–21 (privileges and immunities claim), and 21–23 (commerce clause). *See also* Federal Defendant's Motion, Appendix I (paragraph by paragraph comparison).

The California Supreme Court's decision denying these challenges was a final decision appealable directly to the United States Supreme Court. *Konigsberg v. State Bar of California,* 353 U.S. 252, 254, 77 S.Ct. 722, 723–724, 1 L.Ed.2d 810 (1957). Plaintiff sought no relief from that decision. Therefore, his claims adjudicated there are barred from pursuit here.

### C. Plaintiff's Motions.

Plaintiff's motion for a preliminary injunction ordering admission to the California Bar is based on the same alleged constitutional violations and must therefore be denied.

■ Plaintiff also seeks entry of a default judgment in the amount of $1,000,000 against the individual members of the Committee of Bar Examiners.[4] He claims that they have not responded to his service of process.

Federal Rule of Civil Procedure 4(c) provides in part that a summons and complaint may be served upon an individual defendant "pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State...."

---

**4.** Rule 55(a) of the Federal Rules of Civil Procedure provides that

[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead

or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Plaintiff asserts that he properly served the individual defendants pursuant to California Code of Civil Procedure § 415.20(b). That section provides for process if a copy of the summons and of the complaint "cannot with reasonable diligence be personally delivered". Plaintiff does not allege that these defendants could not be reached at their current addresses, or that any attempt at personal service was made. Plaintiff has not shown that with reasonable diligence process could not have been personally delivered.[5] The motion for entry of default must be denied.

Plaintiff moves finally for criminal sanctions against Truitt Richey and Diane Yu for perjury. This motion was not timely noticed for hearing. Accordingly, this motion, if it is to be pursued, must be re-noticed for hearing in accordance with Local Rule 220–2.

### III. Claims Against the Federal Defendants.

The admission rules of the United States District Courts for the Central, Eastern and Southern Districts of California limit membership in the bars of those courts to "persons of good moral character who are active members in good standing of the State Bar of California." *See* Central District of California, Local Rule 2.2.1; Southern District of California, Local Rule 110–3; Eastern District of California, Local Rule 180. Plaintiff alleges that this requirement violates the due process clause of the fifth amendment, the full faith and credit clause, and an alleged constitutional "right to travel". Plaintiff also asserts that the local rules are "unlawful" because they "violate notions of federalism and offend principles of right and justice." Complaint, Count Six.

### A. Subject Matter Jurisdiction.

■ The federal defendants assert that this Court may not exercise jurisdiction over the Eastern and Southern District Courts. Each district court is authorized to promulgate its own rules regulating the admission of attorneys practicing before it. *In re Wasserman,* 240 F.2d 213 (9th Cir. 1956); *see also* 28 U.S.C. § 2071; Fed.R. Civ.Proc. 83. Defendants thus conclude that any challenges to such rules must be brought in that same court.

Defendants offer no law to support this conclusion. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This action obviously arises under the federal Constitution. Which district court is a proper forum is a question of venue, not one of jurisdiction.

### B. Immunity.

■ The federal defendants assert that because they were acting in their legislative capacity, they are absolutely immune from suit. The enactment of rules is a legislative act, and thus protected by legislative immunity. *Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 734, 100 S.Ct. 1967, 1975–76, 64 L.Ed.2d 641 (1980). Although the complaint is unclear, plaintiff stipulated in court on January 3, 1989, that he does not seek damages from the federal defendants. However, legislative immunity does not entitle a defendant to immunity from suits for declaratory or injunctive relief. *See Shipp v. Todd,* 568 F.2d 133, 134 (9th Cir.1978). Plaintiff's complaint seeks such relief and this Court accordingly denies the immunity sought by the federal defendants.

### C. Failure to State a Claim Upon Which Relief Can be Granted.

#### 1. Collateral Estoppel.

■ Plaintiff attacks the challenged district court rules governing admission to

---

**5.** The federal rule provides alternatively for service by mail. Such service, however, is only sufficient if an acknowledgment from the defendant is received by the sender. Fed.R.Civ.Proc. 4(c)(2)(C)(ii). Plaintiff does not allege that he has received such an acknowledgement.

Finally, under the Federal rules, if such acknowledgement is not received, service may be effected by delivering copies of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed.R.Civ.Proc. 4(d)(1). Plaintiff has not alleged any such service.

practice because they require the applicant to pass the allegedly unconstitutional California Bar Examination. The federal defendants are correct in asserting that the constitutionality of the examination was determined by the California Supreme Court, and that that determination is binding here. *See Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

### 2. Alleged Violation of 28 U.S.C. § 2071.

■■■ Plaintiff also alleges that the relevant local rules are not consistent with the rules of practice and procedure of the Supreme Court. 28 U.S.C. § 2071 states that "[t]he Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court."

Rule 5.1 prescribed by the Supreme Court requires that an applicant for admission to practice in that Court to have been "... admitted to practice in the highest court of a State, Territory, District, Commonwealth, or Possession for the three years immediately preceding the date of application...."

In *Matter of Roberts,* 682 F.2d 105 (3d Cir.1982), Local Rule 4 of the United States District Court for the District of New Jersey limited practice before it to members of the New Jersey bar. Roberts challenged the rule on the identical ground of inconsistency urged by plaintiff here. This Court agrees with the decision in *Roberts* totally rejecting the challenge for the reasons fully set forth at page 109.

### 3. Motion to Stay.

Judge Tashima moves to stay further consideration of the constitutionality of the rules, and asks the Court to invalidate the Local Rule of the Central District of California on the ground that it violates notions of right and justice.

In *Frazier v. Heebe,* 482 U.S. 641, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987), the Supreme Court exercised its "inherent supervisory power" to invalidate a local admission rule that was not consistent with " 'the principles of right and justice.' " 107 S.Ct. at 2611 (quoting *In re Buffalo,* 390 U.S. 544, 554, 88 S.Ct. 1222, 1228, 20 L.Ed.2d 117 (1968)).

The challenged admission rule of the Eastern District of Louisiana in *Frazier* required that the attorney reside or maintain an office in Louisiana. The Supreme Court found both requirements "unnecessary and irrational."

Judge Tashima does not assert that the instant rule is irrational. Instead, he challenges it on the ground that it is "overbroad." He argues that for the most part the legal issues that arise in federal courts in California do not relate to California law; and that in any case, because the Bar Examination tests only a few areas of California law, membership in the California bar can not be equated with familiarity with California law.

District courts have discretion to determine the skills and qualifications required of their attorneys. *Frazier,* 107 S.Ct. at 2611.[6] The mere fact that the qualifications are not narrowly tailored does not make the rule so irrational and unnecessary as to offend notions of right and justice. In addition, the requirement of California bar membership serves a number of rational purposes noted, post, at page 1000.

### 4. Alleged Equal Protection and Due Process Violation.

■■■ Plaintiff claims that the Local Rules violate his rights to equal protection and due process protected by the Constitution of the United States. In support of these claims, he relies upon decisions holding that the right to practice law is protected under the privileges and immunities clause of the Constitution. U.S. Const. art.

---

**6.** In *Frazier,* the Supreme Court specifically noted that the appellant attorneys who were excluded from practice nonetheless had passed the relevant qualifying bar exam, and their skills and qualifications were not at issue.

IV, § 2. Controlling decisions do so hold. *Barnard v. Thorstenn,* — U.S. ——, 109 S.Ct. 1294, 103 L.Ed.2d 559 (1989); *Supreme Court of New Hampshire v. Piper,* 470 U.S. 274, 279, 105 S.Ct. 1272, 1275–76, 84 L.Ed.2d 205 (1985). The fallacy of such reliance lies in the fact that the local rules do not treat lawyers of one state differently than those of another. Under those rules, all lawyers of all states including California are required to be members in good standing of the California state bar. Therefore, plaintiff's reliance upon the federal Constitution requires consideration only of equal protection and due process considerations.

The right to practice law is not a fundamental one guaranteed by the federal Constitution so far as equal protection is concerned. *Lupert v. California State Bar,* 761 F.2d 1325, 1327–28 (9th Cir.), *cert. denied,* 474 U.S. 916, 106 S.Ct. 241, 88 L.Ed. 2d 251 (1985); *Maynard v. The United States District Court for the Central District of California,* 701 F.Supp. 738, 742 (C.D.Cal.1988). Therefore, the strict scrutiny otherwise required is not applicable, and the Court need consider only whether the local rules are rationally based. *Lupert,* 761 F.2d at 1327–28; *Matter of Roberts,* 682 F.2d 105, 108 (3d Cir.1982).

Defendants set out the following reasons for requiring that applicants be members in good standing of the California Bar: (1) the defendant district courts, having no relevant procedures of their own, rely on the California Bar Examinations for determination of fitness to practice law; (2) questions of California substantive law permeate the range of cases over which the district courts have subject matter jurisdiction; (3) membership in the California Bar provides the district courts assurance that the character, moral integrity and fitness of prospective admittees have been approved after investigation; (4) allegations of professional misconduct can be brought to the attention of the State Bar; (5) such membership helps screen applicants who are guilty of ethical misconduct in any other jurisdiction; (6) attorneys who are members of both the California and the district court bars will not choose the forum for litigation on the basis of their membership in the federal bar rather than the client's interests. These considerations amply satisfy the requirements of a rational basis for the classification. *See Maynard,* 701 F.Supp. at 743.

**5. Alleged Violation of the Full Faith and Credit Clause.**

■ Plaintiff claims that re-testing of out of state attorneys violates the full faith and credit clause. This clause provides that "[f]ull Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, section 1. 28 U.S.C. § 1738 states further that

[s]uch Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

Plaintiff's suggestion that because he is licensed in Pennsylvania and New Jersey, the district courts in California must not only recognize that he is licensed there, but also license him here, is entirely without merit. Neither Pennsylvania nor New Jersey determined that plaintiff is entitled to practice law in California.

**6. Alleged Violation of the "Right to Travel".**

■ Plaintiff baldly asserts that retesting of out of state attorneys violates the "right to travel". Denial of the right to practice law in the United States District Courts involved in this case is not a violation of any right to travel within the ambit of any federal constitutional provision. *See Hawkins v. Moss,* 503 F.2d 1171, 1178–9 (4th Cir.1974), *cert. denied,* 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 400 (1975).

For all of the foregoing reasons,

IT IS HEREBY ORDERED that:

1. The complaint is dismissed as to the California Supreme Court, the justices of that court, the Central, Eastern and Southern District Courts of the United States, the judges of those courts, and the Commit-

tee of Bar Examiners of the State Bar of California;

2. Plaintiff's motions for summary judgment, preliminary injunction and default judgment are DENIED; and

3. Plaintiff's motion for criminal sanctions against Truitt Richey and Diane Yu may be re-noticed for hearing in accordance with Local Rule 220-2, provided that plaintiff proceeds under that rule on or before May 22, 1989.