**Benjamin J. RAMOS dba University of Honolulu School of Law, Plaintiff,**

v.

**CALIFORNIA COMMITTEE OF BAR EXAMINERS OF the STATE BAR OF CALIFORNIA, John Hisserich, Chair, and Allan B. O'Connor, Director of Educational Standards, Defendants.**

No. C–93–4210 DLJ.

United States District Court, N.D. California.

June 6, 1994.

Steven H. Franceschi, Esq., with the Law Offices of Steven H. Franceschi, Modesto, CA, for plaintiff.

Robert M. Sweet, of Marina Del Rey, CA, for defendants.

## ORDER

JENSEN, District Judge.

On March 2, 1994, the Court heard defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Steven Franceschi appeared on behalf of plaintiff. Robert M. Sweet appeared on behalf of defendants. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court GRANTS defendants' motion for dismissal, for the following reasons.

## I. BACKGROUND

Plaintiff Benjamin J. Ramos, dba University of Honolulu School of Law (hereinafter "School"), established a correspondence law school on Kauai, Hawaii in 1981 and continued to operate it from 1981 through 1990.

On July 24, 1992 plaintiff received degree granting authority from the Council for Private Postsecondary and Vocational Education (hereinafter "CPPVE"). In August 1992 plaintiff alleges he requested the necessary papers to register the School with the Committee of Bar Examiners ("Committee").

Defendants were disinclined to forward the registration forms for the School to plaintiff. On January 25, 1993 plaintiff filed a Writ of Mandate in the California Supreme Court to "compel the Committee to perform its mandatory ministerial duties of sending plaintiff the registration papers and to register his school in compliance with State Bar rules, Rule XIX, sections 6 & 8." Complaint at # 16. On February 1, 1993, defendant O'Connor mailed plaintiff the registration forms, but it is alleged that O'Connor specified that the papers would not necessarily be processed.

In March 1993, the California Supreme Court denied plaintiff's writ. The reasoning supporting the decision was not given.

The Committee held a prehearing conference on April 19, 1993 and plaintiff provided the Committee some of the documents earlier requested. After first seeking to withdraw his application to register, plaintiff subsequently sought to have a hearing before the Subcommittee on Educational Standards.

Plaintiff was notified of the issues before the Committee on June 8, 1993. On August 20, 1993 the Educational Standards Subcommittee held a hearing at which plaintiff "declined" to review most of the documents with the Committee as he believed the Committee was on a "fishing expedition." Complaint at # 25.

In an October 1993 meeting the Committee memorialized its decision to decline registration for plaintiff's School. In their memorandum to this Court defendants allege the School was previously registered with the Committee for the State Bar of California (hereinafter "State Bar") on the basis of plaintiff's inaccurate representation that the School had degree granting authority from the states of Hawaii and California. The Committee contends generally that it discovered misrepresentations in brochures issued by plaintiff, misrepresentations made to CPPVE in its application for degree granting authority, and misrepresentations made to the Committee. Defendants' Motion to Dis-

miss at 2. The Committee asserts that plaintiff refused to provide documents or explanations necessary to refute evidence he had operated his school illegally in California from 1982 to 1990.

On November 18, 1993 plaintiff received notice of the denial of registration.

Plaintiff filed his complaint in this Court on November 29, 1993.

## II. DISCUSSION

### A. *Standard for Motion to Dismiss for Failure to State a Claim*

Defendants seek to have the claim dismissed for failure to state a claim and for lack of subject matter jurisdiction.

■ The primary objective of the legal system is to obtain a determination on the merits rather than a dismissal based on pleadings. Accordingly, motions to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), are generally viewed with disfavor. The Supreme Court has held that a complaint should not be dismissed unless it appears "beyond doubt" that plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 120, 2 L.Ed.2d 80 (1957). Thus, the question presented by a motion to dismiss is not whether plaintiff will prevail in the action, but whether plaintiff is entitled to offer evidence in support of his or her claim.

■ In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. *Usher v. Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987) (citation omitted). Even if the face of the pleadings indicates that the chance of recovery is remote, the Court must allow plaintiff to develop his or her case at this stage of the proceedings. *United States v. Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

### B. *The Committee and Its Functions*

The State Bar of California is a public corporation that acts as an administrative arm of the California Supreme Court in matters pertaining to admissions, discipline, and regulation of the practice of law. Cal. Const. art. VI, § 9; Cal.Bus. & Prof.Code §§ 6001, 6075–6087; *Lebbos v. State Bar of California,* 53 Cal.3d 37, 47, 278 Cal.Rptr. 845, 806 P.2d 317, *cert. denied,* —— U.S. ——, 112 S.Ct. 352, 116 L.Ed.2d 291 (1991). The State Bar is authorized to establish the Committee, and the Committee may conduct the bar's functions in admissions matters. Cal.Bus. & Prof.Code §§ 6046, 6064.

California statutes require applicants who are seeking admission to the bar, and are not engaged in the practice of law in another jurisdiction, to fulfill certain educational requirements. Cal.Bus. & Prof.Code § 6060(c). Applicants attending a law school that is *not* accredited by the Committee must take and pass a First Year Law Student Examination ("FYLSX") before receiving credit for further law study. § 6060(g). State law provides that a person receiving instruction from a correspondence law school will not receive credit for their study for the purpose of taking the FYLSX or the final bar examination, unless the correspondence law school is authorized to confer professional degrees by the State. Cal.Bus. & Prof. Code § 6060(e)(3)(iv). The California Supreme Court has provided broad authority to the Committee to oversee correspondence schools such that:

> The [Committee] may make such inspection of law schools not accredited by the committee or correspondence schools as may be necessary or proper to effectuate the provisions of [Cal.Bus. & Prof.Code § 6060] and of this rule and of the rules of the [Committee]. Cal.R.Ct. 957(e).

The Rules provide that if it appears that school is not complying with Cal.Bus. & Prof. Code § 6060 or Cal.R.Ct. 957, a written statement will be sent to the school "specifying the matters in which the school appears not to be in compliance." Rule XIX § 10(a), Board of Governors Rules Regulating Admission to Practice Law in California, (hereinafter "Rules").[1] Where a school so requests,

---

1. Defendant's have filed a Request for Judicial Notice for records related to the Committee's

the Committee is required to hold a hearing. Rule XIX, § 10(b). Where a school or its representative makes a statement that they know or reasonably should know is false, or fails to make a required disclosure to the Committee, it is "grounds for removing the school from the list of schools registered with the Committee and the Committee will recommend to the Board of Governors such action as in the opinion of the Committee is necessary or desirable to obtain compliance." Rule XX § 5. The other relevant statutory and regulatory contexts in which the term "registration" is used are described below.

### C. *The Eleventh Amendment*

■ It is well-established that the Eleventh Amendment bars suits in federal court against a state or its agencies, unless those entities consent. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curium); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Committee is clearly an arm of the State. *Chaney v. State Bar of California,* 386 F.2d 962, 966 (9th Cir.1967) *cert. denied,* 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968); *Lupert v. California State Bar,* 761 F.2d 1325, 1327 (9th Cir.1985). Members are appointed by the State Bar Board of Governors for the stated purpose of assisting the California Supreme Court in admission to the Bar. Cal. Bus. & Prof.Code §§ 6046, 6046.5. Defendants conclude that it is thus well-established that the suit is jurisdictionally barred. *Pena v. Gardner,* 976 F.2d 469 (9th Cir.1992).

Plaintiff observes that the language of the Cal.Bus. & Prof.Code § 6001, which establishes rules for the State Bar, provides that the Bar "may sue and be sued." Plaintiff's argument must be construed as claiming defendants have waived their Eleventh Amendment rights. However, a much clearer waiver is required for the case to be allowed to proceed. A waiver or consent must be "unequivocally expressed." *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). In *Atascadero State Hospital v. Scanlon,* the United State Supreme Court found that despite the general language of the California Constitution that suits may be directed at the state, "in the absence of an unequivocal waiver specifically applicable to federal court jurisdiction, we decline to find that California has waived its constitutional immunity." 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985). The statutory language cited here is simply too general to be construed as a waiver for Eleventh Amendment purposes.

Plaintiff attempts to distinguish *Ginter v. State Bar of Nevada,* which held that, "the Nevada State Bar Association, as an arm of the state, is not subject to suit under the Eleventh Amendment", because that case involved a plaintiff seeking actual admission to the bar. 625 F.2d 829, 830 (1980). However, nothing in the language of *Ginter* cases implies that the Committee's Eleventh Amendment immunity is limited solely to cases involving an applicant for admissions. Distinguishing the cases in such a manner makes little sense. Defendant Committee is an agency devoted to maintaining standards in the legal profession by regulating admission to the bar and the qualifications of those who are eligible for membership. Defendants in *Ginter* and in this matter are thus exercising a similar function in each case.

Accordingly, the suit against defendant California Committee of Bar Examiners of the State Bar of California must be dismissed as the Eleventh Amendment bars this suit.

■ While the Eleventh Amendment protects the Committee itself, the question of whether officials of that Committee are protected by the Eleventh Amendment, in this case, defendants Hisserich and O'Connor, poses a different issue. The Eleventh Amendment does not bar claims for money damages against state officials in their personal capacities. Specifically, to establish personal liability in a § 1983 suit, plaintiff must show the officials, acting under color of state law, caused a deprivation of a federal right. Accordingly, the Court considers whether a federal right was deprived below.

proceedings. The Court takes judicial notice of

the Bar Examiners' Rules in this context.

706

## D. *Availability of Relief for Plaintiff*

 In order to state a procedural due process violation, a plaintiff must show the deprivation of a liberty or property interest, without notice to be heard. *Board of Regents v. Roth,* 408 U.S. 564, 576, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). To have a property interest in a benefit, a person must have a "legitimate claim of entitlement to" the benefit. *Id.*

 In considering whether there is a legitimate claim to an entitlement here, the Court looks to the statutory and regulatory provisions pertaining to the availability of registration. There can be no doubt that the Committee may exercise discretion in determining whether to remove a correspondence law school from registration. Rule XX § 5 (stating that "failure to disclose or make representations shall be considered as grounds for removing the school from the list of schools registered"). Further, the Committee is specifically empowered to inquire into the scholastic and financial resources of a school so as to determine its appropriateness for students preparing to take the California bar exam. Rule XX § 1 (requiring each school registered with the Committee provide particular information). In addition, the generally broad mandate given the Committee to carry out its function indicates that the exact fashion in which registration and other goals need be carried out is left broadly to the Committee, and its governing state supervisors. The record before this Court does not indicate that registration is intended to be a right or entitlement, granted automatically like a permit. When plaintiff sought to compel registration by the body responsible for interpreting and overseeing the Committee rules, the California Supreme Court, that Court specifically denied plaintiff's petition. *Ben Ramos v. Committee of Bar Examiners,* 1994 WL 463935, 1993 Cal. LEXIS 1467 (March 17, 1993).

Where it has spoken to the general question of the Committee's purposes, the Supreme Court of California has emphasized the importance of the Committee's goals. *See e.g., Bib'le v. Committee of The State Bar,* 26 Cal.3d 548, 554, 162 Cal.Rptr. 426, 606 P.2d 733 (1980) (there is "a strong public policy in the requirement of a FYLSX."). Nothing in the rules, or in plaintiff's arguments at hearing, indicate why statutory language should be read to forbid a hearing prior to registration. Indeed, it can be argued that the consumer protection aspect of the Committee's process would be defeated if they were required to simply register all schools who were otherwise authorized.

Moreover, plaintiff does not submit a showing that there was inadequate process. Plaintiff claims that by initially refusing to send plaintiff forms for registration, plaintiff has been denied adequate process. However, plaintiff was provided with forms and the opportunity for a hearing. The hearing was held on August 20, 1993. Plaintiff states that plaintiff "declined" to review documents with the Committee because he felt the Committee was conducting a "fishing expedition" as a means to deny plaintiff registration. Complaint at # 25. Plaintiff admits that he was notified of the hearing date, and does not contend that there was not substantial evidence for the Committee's findings nor does plaintiff argue that the conclusions were arbitrary.

Plaintiff has not been denied a property right and has received adequate due process. Accordingly, plaintiff's suit must be dismissed. Further, the stated grounds for this dismissal establish that amendment to state causes of action would be futile.

## E. *Other Issues*

The Court notes that issues related to abstention, absolute immunity and qualified immunity were also raised by defendants. The Court need not resolve these questions.

## III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED without leave to amend.

IT IS SO ORDERED.