87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Charles L. LIGHT, Debtor.
Charles L. LIGHT, Plaintiff-Appellant-Cross-Appellee,
v.
STATE BAR OF CALIFORNIA, a California public corporation,
Defendant-Appellee-Cross-Appellant.
 Nos. 94-16995, 94-16997.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1996.
Decided June 20, 1996.
 
 Before: FERGUSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chapter 7 debtor, Charles Light, filed an adversary proceeding against the State Bar of California for damages and injunctive relief based on the State Bar's alleged violation of the automatic stay, the discharge injunction, and the anti-discrimination provision of the Bankruptcy Code. See 11 U.S.C. §§ 362(a), 524, 525(a). The bankruptcy court enjoined the State Bar and dismissed Light's claims for damages. Light appeals the district court's order affirming the bankruptcy court's dismissal of his damages claims.
 
 
 3
 On cross-appeal, the State Bar challenges the permanent injunction issued by the bankruptcy court and affirmed by the district court. This injunction prohibits the State Bar from requiring Light to pay pre-petition bar dues as a condition of his reinstatement to active status in the California State Bar.
 
 
 4
 Both parties timely appeal the order of the district court. We AFFIRM the district court's dismissal of Light's damages claims and DISMISS the State Bar's cross-appeal as moot.
 
 DISCUSSION
 A. Standard of Review
 
 5
 This court reviews the district court's decision on appeal from a bankruptcy court de novo. FDIC v. Daily (In re Daily), 47 F.3d 365, 367 (9th Cir.1995). We apply a clearly erroneous standard to the bankruptcy court's findings of fact and review its conclusions of law de novo. Robertson v. Peters (In re Weisman), 5 F.3d 417, 419 (9th Cir.1993).
 
 B. Sovereign Immunity
 
 6
 The district court affirmed the bankruptcy court's dismissal of Light's damages claims on the ground that the State Bar is entitled to Eleventh Amendment[1] immunity from suit in federal court. On appeal, Light contends that the lower courts erred in finding the State Bar to be an arm of the state entitled to Eleventh Amendment immunity.
 
 
 7
 The Eleventh Amendment bars actions against a state in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir.1995) (citing Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir.1991)).
 
 
 8
 This court has twice held that the California State Bar is an arm of the state. In Lupert v. California State Bar, 761 F.2d 1325 (9th Cir.), cert. denied, 474 U.S. 916 (1985), we summarily discussed the issue of immunity and held that the State Bar enjoys Eleventh Amendment immunity. Id. at 1327. More recently, in Hirsh v. Justices of the Supreme Court, 67 F.3d 708 (9th Cir.1995) (per curiam), this court again held that the California State Bar is a state agency, immune from liability for monetary damages. Id. at 715; see also Ramos v. California Comm. of Bar Examiners of the State Bar, 857 F.Supp. 702, 705 (N.D.Cal.1994). Therefore, the State Bar is entitled to Eleventh Amendment immunity.
 
 
 9
 Having decided that the State Bar is entitled to Eleventh Amendment immunity, we must next determine whether the Bankruptcy Code provides for an abrogation of the States' sovereign immunity which would permit Light to sue the State Bar in federal court. Light contends that the State Bar is liable for damages and subject to the bankruptcy court's civil contempt powers because 11 U.S.C. § 106, as amended, abrogates the States' sovereign immunity. The plain language of § 106 unequivocally waives the States' sovereign immunity.
 
 
 10
 Notwithstanding this clear textual waiver of the States' sovereign immunity, the Supreme Court's recent decision, Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114 (1996), forecloses any argument that § 106 of the Bankruptcy Code abrogates the States' sovereign immunity. Congress's power to abrogate the States' sovereign immunity is now limited to congressional acts pursuant to § 5 of the Fourteenth Amendment. Id. at 1125-32. Thus, Light's damages and civil contempt claims against the State Bar are barred by the Eleventh Amendment.
 
 C. Dischargeability of Bar Dues
 
 11
 On cross-appeal, the State Bar appeals: (1) the permanent injunction which enjoins the State Bar from requiring Light to pay pre-petition bar dues as a condition of his reinstatement in the State Bar; and (2) the bankruptcy court's concomitant determination that Light's pre-petition bar dues are a dischargeable debt. The State Bar contends that the bar dues are nondischargeable in bankruptcy because they are excise taxes. See 11 U.S.C. § 507(a)(7)(E).[2]
 
 
 12
 Although the parties did not raise the issue of mootness, we address it sua sponte. See Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185, 1189 (9th Cir.1986). A claim is moot if it has lost its character as a present, live controversy. United States v. Geophysical Corp., 732 F.2d 693, 698 (9th Cir.1984), quoted in American Tunaboat Ass'n v. Brown, 67 F.3d 1404, 1407 (9th Cir.1995). We do not have jurisdiction over a claim for which no effective relief can be granted. Id. Moreover, when events subsequent to the filing of an appeal moot the issues presented in the case, no justiciable controversy is presented. Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir.1989).
 
 
 13
 On October 1, 1993, the bankruptcy court enjoined the State Bar from requiring Light to pay pre-petition bar dues as a condition of reinstating Light to active status in the California State Bar. Pursuant to this injunction, the State Bar unconditionally reinstated Light to active status in early October, 1993. At oral argument, the State Bar conceded that regardless of the outcome of the present appeal, the Bar would not require Light to pay the pre-petition bar dues. This concession renders moot the issue of whether Light's bar dues are a nondischargeable debt because the payment of Light's pre-petition bar dues is no longer a live controversy. Therefore, the cross-appeal is dismissed as moot.
 
 CONCLUSION
 
 14
 We AFFIRM the district court's order dismissing the debtor's damages claims against the State Bar. We DISMISS the cross-appeal as moot.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Eleventh Amendment provides:
 The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
 U.S. Const. amend. XI.
 
 
 [2]
 In the Bankruptcy Reform Act of 1994, paragraph (7) of § 507 was not changed. However, paragraph (7) was redesignated as paragraph (8) so that the excise tax exception to discharge will be codified at 11 U.S.C. § 507(a)(8)(E). Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, § 304(c)(2), 108 Stat. 4106, 4132 (1994)